Meghan A. Sheridan (#14315)
Hall & Evans, LLC
175 S. Main Street, Suite 610
Salt Lake City, UT 84111
Telephone: (801) 770-4776
Facsimile:  (801) 438-6154
Email: sheridanm@hallevans.com
**Attorney for Interpleader Plaintiff Walmart**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| WALMART<br><br>Interpleader Plaintiff<br><br><br>DRIP CAPITAL<br><br>Interpleader Claimant<br><br>SEAICH CARD AND SOUVENIR CORP<br><br>Interpleader Claimant<br><br>SOUTHSTAR FINANCIAL<br><br>Interpleader Claimant | **INTERPLEADER COMPLAINT**<br><br><br>Civil No. 2:22-cv-00545-BSJ |

Interpleader plaintiff, Walmart Inc. ("Walmart"), by and through its attorneys, Hall & Evans, LLC, as and for its Interpleader Complaint, alleges as follows:

**NATURE OF ACTION**

1. Walmart brings this action pursuant to Rules 22 and 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1335, 2201 and 2361 to determine the rightful ownership of money and property in

which Walmart itself has no interest. The interpleaded property consists of the rights, if any, to at least $329,000 (the "Funds")[1] currently held by Walmart pursuant to a Supplier Agreement ("the Seaich Agreement") between Walmart (fka Wal-Mart Stores, Inc.) and Seaich Card and Souvenir Corp. ("Seaich") of Salt Lake City, Utah. Interpleader claimants, Seaich and Drip Capital, Inc. ("Drip Capital"), have asserted competing claims to the Funds and each has demanded that Walmart pay those Funds to it. Walmart is a third party to the business dispute between the interpleader claimants and has no interest in the Funds or the business dispute between the parties and files this action so that the Court can determine which party is entitled to the Funds.

2. This proceeding is necessary to enable Walmart, in the event it is directed to provide specific access to or return or provide the Funds to one or several particular interpleader complainants, to obtain a discharge that is binding on all interested parties and that thereby eliminates the risk that Walmart would be subject to double or multiple liability as a result of inconsistent rulings in different forums.

3. This interpleader action is also necessary to assess the respective claims and determine the appropriate rights of the interpleaded claimants to the Funds in question.

## THE PARTIES

4. Walmart is a corporation organized under the laws of Delaware and has its principal place of business located Bentonville, Arkansas.

5. Interpleader Claimant Drip Capital is a corporation organized under the laws of Delaware and has its principal place of business located at 555 Bryant Street, #356, Palo Alto, California.

6. Interpleader Claimant Seaich is a corporation organized under the laws of Utah and has its principal place of business located at 4375 W 1980 S, Salt Lake City, Utah.

---

[1] This number represents the total amount currently calculated as available for payment, as reflected in Walmart's last available accounting reconciliations. Additional fuds may become due (the "Additional Funds") and would be included as Funds to be paid over to the Court in accordance with the relief sought herein (and references to the Funds herein should be construed to include Additional Funds where, in context, they should be included consistent with the relief sought herein).

7. Interpleader Claimant, SouthStar Financial, LLC is a limited liability company organized under the laws of South Carolina and has its principal place of business located at 900 Wando Park Boulevard, Mt. Pleasant, South Carolina.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the claim asserted herein because this is an interpleader claim brought under 28 U.S.C. § 1335.  Walmart has in its possession or custody money and/or property of value over $500, consisting of the Funds.  There are two or more adverse claimants of diverse citizenship claiming, or that may claim, entitlement to the Funds that is the subject matter of this action.

8. Venue is proper under 28 U.S.C. §§ 1391 and 1397.

## FACTUAL BACKGROUND

### *The Funds*

9. The Funds are held by Walmart in accordance with the Seaich Agreement.

10. Under the Seaich Agreement, Seaich sells products to Walmart for resale or to Walmart customers through Walmart's consumer website and is entitled to payment on terms set forth in the Seaich Agreement (the specifics of those payment terms are not at issue here or in dispute).

11. As of August 22, 2022, Walmart holds $326,304.76 in what is called a "vendor" account and $3,514.98 in what is called a "seller" account that would be payable to Seaich but for the circumstances at issue here.

### *The Dispute Among the Interpleader Claimants*

12. In late April 2022, Walmart received a notice from Drip Capital dated April 15, 2022, stating that Seaich owed and was in default in paying the amount of $504,299.18 to Drip Capital, and that Drip Capital has a security interest in, among other things, the Funds, and asserted that the Funds, in an amount

up to the amount of the claimed defaulted debt, should be paid by Walmart to Drip Capital.

13. Thereafter, Walmart determined it should not release the funds to Seaich but gave Seaich notice of the issue raised by Drip Capital.

14. Seaich, through its principal, Uriah Kennedy, made numerous oral and written protests to Walmart to the effect that Seaich demanded that the Funds not be released to Drip Capital, but be released to Seaich instead.

15. Walmart did not release the funds to Seaich or to Drip Capital and had communications with representatives of both in recent months about various ways in which issues could be resolved.

16. During those months, and until the second week of August 2022, Seaich made no mention of any other competing creditors claiming an interest in the Funds, and at all times prior to the second week of August 2022 claimed to Walmart that the funds should be released to Seaich and not to any other creditor.

17. During the second week of August 2022, SouthStar contacted counsel for Walmart and claimed to be entitled to the funds through Seaich, and, specifically, to hold an assignment of and security interest in the Funds and all other past and future assets of Seaich which it asserted gave it rights through Seaich superior to the rights of Drip Capital.  After initial communications by SouthStar, SouthStar advised counsel for Walmart that it would not enter into the transaction with Seaich until issues were resolved with Drip Capital, stating specifically:

> "We do not want to involve ourselves with the dispute between these parties.  Our intentions are to not enter this transaction until Drip Capital rescinds their notice of assignment and we receive confirmation that Walmart proceeds would be directed to SouthStar without any other interference."

18. Since that time, Seaich has at times, notwithstanding the position of SouthStar, contacted Walmart through its counsel insisting that the Funds be paid to SouthStar.

19. No debt or defaulted debt of Seaich to SouthStar has been identified to Walmart.

20. At other times, Seaich has insisted that the Funds be paid to Seaich.

21. In this time period commencing in the second week of August, Seaich has also mentioned other creditors and, in statement inconsistent with other positions taken, claimed those creditors have a superior right to the Funds as compared to the rights of Drip Capital.

22. No other party has contacted Walmart claiming to be in such a position.

23. The interpleader claimants have obviously taken conflicting positions as to the entitlement to the Funds, including whether Seaich is entitled to receive the Funds directly, whether some creditor of Seaich other than Drip Capital is entitled to receive the Funds, or whether Drip Capital is entitled to receive the Funds.

### *Walmart Continues to Hold the Funds*

24. Walmart cannot determine the rights of the interpleader claimants and cannot release the Funds to any person, entity or party without the risk of litigation by, and the exposure to liability to, a different person, entity or party claiming a right to the Funds.

25. Walmart therefore continues to hold the funds and seeks relief in accordance with 28 U.S.C. §§ 1335.

### **FIRST CAUSE OF ACTION**

### **(Interpleader Pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335)**

26. Walmart repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

27. Walmart claims no interest in the Funds.

28. Walmart is subject to competing demands as to the proper ownership of or rights to access or use the Funds.

29. Walmart is unable to determine the proper payee of the Funds.

30. Walmart is unable to determine which of the actual and/or potential claims is valid or to whom the Funds should rightfully be delivered and cannot remit the Funds without exposing itself to double or multiple liability.

31. Walmart itself is a neutral stakeholder and takes no position on which, if any, of the parties claiming an interest in the Funds has the superior claim to the Funds.

32. Because Walmart is subject to conflicting claims, it is exposed to the risk of multiple and inconsistent liability and is accordingly entitled to interpleader relief bringing the claimants before the Court and requiring them to litigate their respective claims to the Funds.

33. As a result of the foregoing, Walmart is or may be subject to multiple liability due to competing claims from the interpleader claimants.

34. Under the circumstances, this interpleader proceeding is the most efficient and cost-effective means by which a single determination can be made as to who, if anyone, is entitled to the Funds, and Walmart, to the extent it is directed to turn over any such funds, can receive a discharge from further liability as to the Funds that is binding on all interested parties and not subject to future attack.

35. Because of the claimants' existing and/or potential claims to the funds in the Accounts, Walmart is being exposed, or may in the future be exposed, to conflicting claims, to vexatious and burdensome litigation in different courts and different proceedings, to the attendant risk of inconsistent rulings, and ultimately to the prospect of double or multiple liability as to the same blocked assets.

36. Walmart is also entitled, as a neutral stakeholder, to its attorneys' fees and costs incurred in connection with this proceeding. Any such attorneys' fees and costs are to be awarded out of the funds in the Accounts that may be turned over to claimant(s) under any judgment entered in this action.

37. Walmart conditionally tenders to the Court the Funds, subject to any applicable defenses and

offsets.

**WHEREFORE,** Walmart requests the entry of a judgment as follows:

    a. dismissing Walmart from this proceeding;

    b. requiring the claimants to interplead each other concerning their competing claims to the Funds;

    c. restraining and enjoining the interpleader claimants from commencing any legal actions against Walmart relating to the Funds pending the entry of a final, non-appealable judgment in this case;

    d. adjudging the rights of each claimant as to the Funds;

    e. discharging Walmart from any and all liability to the claimants relating to the Funds;

    f. directing Walmart to deposit the funds with the Clerk of the Court or to hold the Funds pending a further order or judgment from this Court which is final and non-appealable, less the appropriate amount of Walmart's costs, fees and expenses; and

    g. awarding Walmart's costs, expenses, and reasonable attorney's fees in this action;

together with such other and further relief as may be just and proper.


Dated: August 26, 2022

                                      Respectfully submitted,

                                      **Hall & Evans, LLC**

                                      */s/Meghan A. Sheridan*
                                      Meghan A. Sheridan (#14315)

                                      *Counsel for Interpleader Plaintiff* Walmart